**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8

9    UNITED STATES DISTRICT COURT

10    NORTHERN DISTRICT OF CALIFORNIA

11    SAN JOSE DIVISION

| | |
|---|---|
| MOSS C. CABALLERO,                                          ) | Case No.: 10-CV-02973-LHK |
| )                                          Plaintiff,                     ) | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS WITH LEAVE TO AMEND IN PART |
| v.                                          ) | (re: docket #6 and #14) |
| BANK OF AMERICA, a National Association;  ) FEDERAL NATIONAL MORTGAGE             ) ASSOCIATION, a Government-Sponsored       ) Enterprise; NDEX WEST, LLC, a Limited      ) Liability Corporation; and Does 1-100, inclusive,) | |
| )                                          Defendants.                  ) | |

20    Plaintiff Moss C. Caballero, for himself and on behalf of all those similarly situated, brings

21 suit under California law in relation to foreclosure proceedings that resulted in the non-judicial sale

22 of his property.  Specifically, Plaintff claims that Defendants violated California law by: 1) failing

23 to record a substitution of trustee prior to the foreclosure sale; and 2) failing to record assignment

24 of the beneficial interest in the deed of trust prior to the foreclosure sale.  Before the Court is

25 Defendants' motion to dismiss Plaintiff's complaint for failure to state a claim under Fed. R. Civ.

26 12(b)(6).  Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution

27 without oral argument.  For the reasons discussed below, Defendants' motion to dismiss is

28 GRANTED WITH LEAVE TO AMEND IN PART.

1

Case No.: 10-CV-02973-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## I.   Background

In January 2001, Plaintiff purchased real property commonly known as 894 Brookside Drive, Felton, California (the "Property"). Compl. ¶ 12. In November 2006, Plaintiff obtained a 30-year conventional mortgage loan from Bank of America for a sum of $407,800. *Id*. The loan was evidenced by a promissory note and secured by a deed of trust, the latter of which was recorded in Santa Cruz County on November 14, 2006. Caballero's deed of trust named "PRLAP, Inc." as the trustee. *Id*. at ¶ 15. In late 2008, Plaintiff failed to pay his monthly mortgage payment as required by the mortgage loan. *Id*. at ¶ 14. Soon thereafter, Bank of America declared the loan to be in default. On or about October 6, 2009, NDEX West recorded a "Notice of Trustee's Sale" that set a trustee sale date of October 22, 2009. *Id*. at ¶ 15. Plaintiff's complaint alleges that no substitution of trustee (i.e., NDEX West for PRLAP, Inc.) was ever recorded, in violation of California Civil Code § 2934a.

On March 10, 2010, NDEX West conducted a trustee's sale of Plaintiff's Property, and sold the Property to the Federal National Mortgage Association ("Fannie Mae"). *Id*. According to Plaintiff's allegations, Fannie Mae was the beneficiary of his promissory note and trust deed with Bank of America, as back on May 25, 2009, Bank of America sold, negotiated, or assigned to Fannie Mae Plaintiff's promissory note and trust deed. *Id*. at 13. On March 10, 2010, *after* the foreclosure sale, NDEX West recorded the May 25, 2009 assignment of the beneficial interest in Plaintiff's promissory note and trust deed to Fannie Mae. *Id*. at ¶ 16. Plaintiff's complaint alleges that the foreclosure sale was in violation of California Civil Code § 2932.5 because Defendants did not record the assignment prior to the foreclosure sale.

Plaintiff, on behalf of himself and all persons similarly situated, filed his complaint in Superior Court for the County of Santa Cruz on May 24, 2010. Plaintiff asserted three causes of action: 1) declaratory relief for violation of California Civil Code § 2934a and § 2932.5; 2) violation of California Business and Professions Code § 17200 on the basis of the violations in the first cause of action; and 3) injunctive relief on behalf of all purported class members enjoining Defendants from further violations of § 2934a and § 2932.5.

Case No.: 10-CV-02973-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART

United States District Court

For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Defendants removed on two bases: 1) 12 U.S.C. § 1723a(a), which is part of Fannie Mae's federal charter, permits Fannie Mae to remove to federal court actions in which it is named as a defendant; and 2) diversity jurisdiction, in which the amount in controversy exceeds $75,000.

## II.   Legal Standards

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal under Rule 12(b)(6) may be based on a either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Johnson v. Riverside Healthcare System, LP*, 534 F.3d 1116, 1121 (9th Cir. 2008).  In considering whether the complaint is sufficient to state a claim, the court must accept as true all of the factual allegations contained in the complaint. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  However, the court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *St. Clare v. Gilead Scis., Inc.* (*In re Gilead Scis. Sec. Litig.*), 536 F.3d 1049, 1055 (9th Cir. 2008).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to "'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.  If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## III.   Discussion

Plaintiff's complaint alleges that Defendants conducted foreclosure on the Property, and on numerous other properties, in violation of California Civil Code § 2934a and § 2932.5.  Defendants contend that the foreclosure sale of Plaintiff's Property violated neither section of the Civil Code, and, in addition, fault Plaintiff for failing to plead the ability to tender the amount owed on the loans secured by the foreclosed deed of trust.

3

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### A.  California Civil Code § 2934a

Under California Civil Code § 2934a, a new trustee may be substituted in place of the trustee on the deed of the trust "by the recording in the county in which the property is located of a substitution executed and acknowledged by the beneficiary."  The substitution must "contain the date of recordation of the trust deed, the name of the trustor, the book and page or instrument number where the trust deed was recorded, and the name of the new trustee."  Cal. Civ. Code § 2934a(a)(4).  If a substitution of trustee is proper, the "new trustee shall succeed to all the powers, duties, authority, and title granted and delegated to the trustee named in the deed of trust." *Id*.

Plaintiff's complaint alleged that Defendants did not record a substitution of trustee. Defendants, however, request judicial notice of a copy of the substitution of a May 11, 2009 trustee document naming NDEX as the new trustee on Plaintiff's deed of trust, in place of PRLAP, Inc. *See* Defs.' Request for Jud. Notice [dkt. 6-1].  Plaintiff has not opposed the request for judicial notice.  The Court finds it appropriate to take judicial notice of this recorded document under Federal Rule of Evidence 201(b).  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir.1998) (internal quotation marks omitted), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006) (court may take judicial notice of documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.").

In response to Defendants' submission of the recorded document establishing a substitution of trustee prior to the foreclosure sale, Plaintiff has conceded that he has no claim based upon a violation of California Civil Code § 2934a.  Accordingly, the Court grants Defendants' motion to dismiss that cause of action with prejudice.

### B.  California Civil Code § 2932.5

California Civil Code § 2932.5 provides:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument.  The

4

1    power of sale may be exercised by the assignee if the assignment is duly
2    acknowledged and recorded.

3    Plaintiff alleges that § 2932.5 requires the recordation of an assignment of the beneficial interest in

4    a deed of trust prior to a foreclosure sale.  In the sale of Plaintiff's Property, NDEX did not record

5    Bank of America's May 25, 2009 assignment of the beneficial interest to Fannie Mae until after the

6    foreclosure sale on March 10, 2010.

7          The problem with Plaintiff's argument is that § 2932.5 does *not* require the recordation of

8    an assignment of a beneficial interest for a *deed of trust*, as opposed to a mortgage.  A deed of trust

9    grants the power of sale to the proper trust deed trustee, here NDEX West.  *See Roque v. Suntrust*

10   *Mortg., Inc.*, 2010 U.S. Dist. LEXIS 11546, *7 (N.D. Cal. Feb. 9, 2010) (Whyte, J.) ("Section

11   2932.5 applies to mortgages, not deeds of trust.  It applies only to mortgages that give a power of

12   sale to the creditor, not to deeds of trust which grant a power of sale to the trustee."); *see also*

13   *Parcray v. Shea Mortg., Inc.*, 2010 U.S. Dist. LEXIS 40377 (E.D. Cal. Apr. 23, 2010) (citing

14   *Roque* and ruling that "[t]here is no requirement under California law for an assignment to be

15   recorded in order for an assignee beneficiary to foreclose.").  The only California state court

16   decision on point similarly distinguishes between a deed of trust and a mortgage.  *See Stockwell v.*

17   *Barnum*, 7 Cal. App. 413, 416-17 (Cal. App. 1908).  Despite Plaintiff's policy arguments to the

18   contrary, California courts have not eliminated the distinction between deeds of trusts and

19   mortgages.  *See Bank of Italy Nat. Trust and Savings Ass'n v. Bently*, 217 Cal. 644, 655 (1933)

20   ("[A] deed of trust differs from a mortgage in that title passes to the trustee in case of a deed of

21   trust, while in case of a mortgage, the mortgagor retains title."); *see also Dimock v. Emerald*

22   *Properties*, 81 Cal. App. 4th 868, 877 (2000) (same).

23         And, as Plaintiff concedes, NDEX West was properly substituted as the trustee for

24   Plaintiff's Property.  *See* Pl.'s Opp'n at 3 ("Plaintiff concedes NDEX recorded a substitution of

25   trustee prior to the foreclosure sale and as such Plaintiff will amend his complaint to remove the

26   claim based upon a violation of CC § 2934a.").  Thus, NDEX West succeeded to all the powers

27   and duties of a trustee, including the power of sale.  Accordingly, Defendants' motion to dismiss

28   Plaintiff's cause of action under California Civil Code § 2932.5 is granted with prejudice.

*United States District Court*
For the Northern District of California

Case No.: 10-CV-02973-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART

United States District Court
For the Northern District of California

### C.  Failure to Allege Tender

Defendants also move to dismiss on the ground that Plaintiff has not alleged tender the amount owed on his defaulted loan.  As Plaintiff acknowledges (see Pl.'s Opp'n at 14), a defaulted borrower is generally "required to allege tender of the amount of [the lender's] secured indebtedness in order to maintain any cause of action for irregularity in the sale procedure." *See Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101, 1109 (1996).  Plaintiff argues that because the foreclosure sale was not in compliance with California Civil Code, tender is not required. *See, e.g., Dimock*, 81 Cal. app. 4th at 876 (where defendant did not have power to conduct sale because of violation of statutory procedures, plaintiff did not need to allege ability to tender).  Here, however, the Court has found that Plaintiff's complaint fails to state a claim for violation of the California Civil Code.  Accordingly, under California law, Plaintiff must adequately allege tender.

### D.  California Business & Professions Code § 17200

Neither side discusses the §17200 cause of action in its briefing before the Court.  The only grounds for Plaintiff's § 17200 cause of action are the violations of California Civil Code § 2934a and § 2932.5.  As the Court has found that Plaintiff has failed to state a claim for both of those sections of the Civil Code, Plaintiff also necessarily fails to state a claim for his § 17200 cause of action.  The Court grants Defendants' motion to dismiss this cause of action with leave to amend.

## IV.  Conclusion

Accordingly, Defendants' motion to dismiss Plaintiff's complaint is GRANTED with leave to amend as set forth above.  Any amended pleading must be filed within thirty (30) days of this Order.  Failure to timely amend will result in dismissal of this case with prejudice.

**IT IS SO ORDERED.**

Dated: November 4, 2010

*Lucy H. Koh*
_____
LUCY H. KOH
United States District Judge

6

Case No.: 10-CV-02973-LHK
ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND IN PART